## BROWN *v.* AMERICAN WHEEL Co.

*(Circuit Court, N. D. New York.　July 9, 1891.)*

RIGHTS OF ACCOMMODATION INDORSER.

> Defendant bought out a company for which plaintiff was an accommodation indorser, agreeing to pay $26,000 of its debts, and, on notice that the notes on which plaintiff was indorser was part of the $26,000, requested plaintiff to continue his indorsement, and agreed to pay the notes. Plaintiff did so, and was compelled to pay the debt. *Held,* that defendant was liable to plaintiff, though the debt was not in fact a part of the $26,000 assumed by it, and though it had paid other debts to the amount of $26,000.

At Law.
*Frank Rice,* for plaintiff.
*Thomas Hogan,* for defendant.

WHEELER, J. The plaintiff has paid $9,000 as an accommodation indorser. The question raised by the demurrer to the complaint is really whether he paid it for the defendant. According to the allegations of the complaint, he was accommodation indorser for the Shortsville Wheel Company. The defendant bought out that company, and agreed to pay $26,000 of its debts, and, on notice that the paper on which the plaintiff was so an accommodation indorser was a part of the $26,000, "requested the plaintiff to continue his indorsement, and assist the defendant by continuing to carry said loan" "for a short time, until the defendant could and would pay and discharge the same; that in compliance with said request, and for the sole accommodation and benefit of the defendant, and relying upon the said promise and agreement of the defendant to pay the same, the plaintiff" "continued or renewed his indorsements," and has been compelled to pay in consequence of them. The want of any allegation that the debt which the plaintiff has paid was in fact a part of the $26,000 of debts which the defendant agreed to pay, or that the defendant has not paid debts of the Shortsville Wheel Company to the amount of $26,000 besides this, is the principal ground

urged in support of the demurrer. If the action was upon the agreement to pay $26,000 of the debts of that company, this point would seem to be well taken. But it is not. It is upon the implied agreement to repay what the plaintiff has been compelled to pay for the accommodation of the defendant. If the defendant assumed to the plaintiff that this was its debt, and the plaintiff stood as an accommodation indorser for its benefit and at its request, and was thereby compelled to pay, whether the debt was actually one which the defendant had otherwise assumed to pay would be immaterial. If the defendant had borrowed money of the plaintiff to pay this debt with, that the debt was not in fact the defendant's would be no answer to an action for the money. Procuring the plaintiff to continue to stand liable for the debt under a promise to pay it, and leaving him to pay it in discharge of his liability, amounts to about the same thing. Demurrer overruled.